Alber **PETRITI**, Luljeta Petriti, Frenkli Petriti, Kaudia Petriti Petitioners,

v.

Alberto R. **GONZALES**,[1] Attorney General, Respondent.

No. 04–1831–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 27, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

34

David K. Wegner, Detroit, Michigan, for Petitioner.

Stephen J. Murphey, United States Attorney for the Eastern District of Michigan (Cathleen M. Corken, Assistant United States Attorney, on the brief), Detroit, Michigan, for Respondent.

Present: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review be DENIED.

Alber Petriti, a native and citizen of Albania, petitions this Court for review of a decision of the Board of Immigration Appeals ("BIA"). In that decision, the BIA affirmed a decision of an immigration judge ("IJ") denying Alber's application, on behalf of himself, his wife, and their two children, for asylum, withholding of removal, and Convention Against Torture ("CAT") relief on the basis of the IJ's adverse credibility finding and her finding that Petriti had failed to establish past persecution or a well-founded fear of future persecution. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Because Petriti, on appeal, challenges only the denial of his asylum claim, his other claims are deemed abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542, n. 1, 546 n. 7 (2d Cir.2005); Fed. R.App. P. 28(a) (detailing requirements for appellant's brief). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Where there is no explicit adverse credibility determination, "the applicant ... shall have a rebuttable presumption of credibility on appeal." 8 U.S.C. § 1158(b)(1)(B)(iii).

In this case, a reasonable adjudicator would not have been compelled to conclude that Petriti's internment and conscription into the military under the communist regime had constituted past persecution. *See Osorio v. INS*, 18 F.3d 1017 (2d Cir.2005) (generalized oppression by a government does not constitute persecution); *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (compulsory military service does not constitute persecution unless refusal to serve results in excessively harsh penalties based on a protected category, or the military force is condemned by the international community). Moreover, a reasonable adjudicator would not have been compelled to conclude that Petriti's 24–hour detention, police searches of his store, physical abuse by police during demonstrations, and extortion attempts by police was so severe as to constitute past persecution. *See Prasad v. INS*, 47 F.3d 336 (9th Cir.1995) (finding no past persecution where applicant had been briefly detained, beaten, and questioned and threatened about his continued support for an opposing political party).

Even assuming that Petriti testified truthfully, and his experiences in the internment camp during the communist regime constituted past persecution, the Country Profile sufficiently rebuts the resulting presumption of a well-founded fear of future persecution because it indicates that the Democratic Party currently participates in most parliamentary activity, and that all the political parties have been active in most of the country without a pattern of mistreatment. *See* JA at 237. Therefore, Petriti's fear of future persecution, although subjectively genuine, is no longer objectively reasonable. Since substantial evidence supports the IJ's finding that Petriti had failed to establish either past persecution or a well-founded fear of future persecution, the BIA's denial of his application was proper. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).